Michael L. Slack (Texas Bar No. 18476800)
mslack@slackdavis.com
*Pro Hac Vice*
John R. Davis (Cal. Bar No. 308412)
jdavis@slackdavis.com
*Pro Hac Vice*
SLACK & DAVIS, LLP
2705 Bee Cave Road, Suite 220
Austin, TX 78746

Thomas J. Brandi (Cal. Bar No. 53208)
tjb@brandilaw.com
Brian J. Malloy (Cal. Bar No. 234882)
bjm@brandilaw.com
THE BRANDI LAW FIRM
354 Pine Street, Third Floor
San Francisco, CA 94104
415-989-1800

*Attorneys for Plaintiff Todd Johnston*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TODD JOHNSTON, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 3:13-cv-3826-EMC<br><br>Case No. 3:16-cv-3134-JCS<br><br>**Plaintiff's Supplemental Brief in Response to Defendant's Motion to Stay**<br><br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

1   Plaintiff's Supplemental Brief Re: Motion to Stay

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO STAY**

COMES NOW Plaintiff Todd Johnston ("Plaintiff"), who, per the Court's Order (Dkt. Nos. 34, 36), submits this Supplemental Brief in Response to Defendant Uber Technologies, Inc.'s ("Uber") Motion to Stay Proceedings (Dkt. No. 23).

As detailed below, Plaintiff continues to be of the position that a stay is appropriate until final resolution of the *Mohamed*/*Gillette* appeals, in which the appellees have requested rehearing *en banc*.

Plaintiff continues to oppose a stay based upon Uber's pending appeal in *O'Connor* regarding the Court's Rule 23(d) Orders and disposition of those Orders in rejecting the proposed *O'Connor* settlement.

### A. A Stay Is Appropriate Pending the Ninth Circuit's Resolution of the *En Banc* Petitions in *Mohamed/Gillette*

Uber and Plaintiff had agreed that a stay pending the Ninth Circuit's resolution of the *Mohamed* and *Gillette* appeals was appropriate. (*See* Dkt. No. 23, at 8 (arguing that the ultimate outcomes of the Ninth Circuit proceedings in *Mohamed* and *Gillette* "bear substantially upon this case"); Dkt. No. 29, at 2 (arguing that, although the claims and arguments for and against arbitration will differ in this case, the outcome of these appeals could have some bearing on the arguments of the parties).)

Plaintiff continues to take the position that a stay is appropriate until the petition for rehearing *en banc* is resolved and the decision is final.

Though *en banc* review is traditionally the exception to the rule, the circumstances involving *Mohamed* and *Gillette* make *en banc* review more than a realistic possibility in this case. Under the Ninth Circuit's rules, no response is necessary to a petition for rehearing *en banc* unless ordered by the court. Fed. R. App. P., Ninth Cir. Rule 35(e). Here, the Ninth Circuit entered an order on October 13, 2016, requiring Uber to file a response to the *en banc* petition. *See Mohamed v. Uber Tech., Inc.*, No. 15-16178, Dkt. No. 129 (entered Oct. 13, 2016). The request for a response

**2**     Plaintiff's Supplemental Brief Re: Motion to Stay

brief from Uber indicates, at a minimum, that the Ninth Circuit is giving consideration to granting the request for rehearing *en banc*.

And there is good reason for the Ninth Circuit to review the panel's opinion. As argued in the petition for rehearing *en banc* filed by plaintiffs-appellees Mohamed and Gillette: (a) the panel's opinion conflicts with U.S. Supreme Court or Ninth Circuit precedent; (b) the case involves questions of exceptional importance; and/or (c) the panel opinion directly conflicts with other circuits' decisions and there is a need for national uniformity on the issue.[1] *See Mohamed*, No. 15-16178, Dkt. No. 128-1 (filed Sept. 21, 2016).

Indeed, this Court has granted stays in materially identical circumstances. *See, e.g., Seastrom v. Dep't of the Army*, No. 08cv4108EMC, 2009 WL 585838, at *2 (N.D. Cal. Mar. 4, 2009) (granting six month stay pending resolution of *en banc* petition in a separate case).

Finally, the duration of such a stay is unlikely to be lengthy. If the petition for rehearing *en banc* is denied, granting the stay will have caused minimal delay to the case. However, if the petition for rehearing *en banc* is granted, a lengthier stay will be justified as the Ninth Circuit considers issues that, in Uber's words, "bear substantially upon this case."

**B. The Court Should Not Stay the Case Pending Resolution of Uber's Appeal of the Rule 23(d) Orders in *O'Connor***

Plaintiff continues to oppose a stay pending Ninth Circuit resolution of Uber's appeal of the Court's Rule 23(d) Orders enjoining enforcement of the 2015 Arbitration Agreement, principally for the reasons stated in Plaintiff's original brief. (Dkt. No. 29.)

In addition, it is unlikely that these appeals will be resolved anytime soon. Until October 12, 2016, these consolidated appeals were stayed. *See, e.g., O'Connor et al. v. Uber Tech., Inc.*,

---

[1] Plaintiff does not endorse the position taken in the petition for rehearing *en banc* that the Ninth Circuit's opinion constituted a "holding" regarding the class waiver and collective action right under the National Labor Relations Act ("NLRA"). *See Mohamed*, No. 15-16178, Dkt. No. 128-1, at 10 ("The panel in the case held …."). Nevertheless, Plaintiff does agree with the substantive argument in the petition that the Ninth Circuit's single sentence, non-binding, *dicta* analysis limited to a single footnote was incorrect. *See Mohamed v. Uber Technologies*, No. 15-16178, 2016 WL 4651409, at *6 & n.6 (Sept. 7, 2016).

No. 15-17532, Dkt. No. 60 (entered Sept. 15, 2016). No action has been taken in any of these cases since the stays were lifted. The parties have not had a chance to brief the effect of this Court's August 11, 2016 opinion terminating the Rule 23(d) orders, and requiring Uber to re-issue the 2015 Arbitration Agreement. *O'Connor*, No. 3:13cv3826EMC, Dkt. No. 748, at 34 (entered Aug. 11, 2016). Uber filed amended notices of appeal, but the Ninth Circuit has yet to order briefing. *O'Connor*, No. 15-17532, Dkt. No. 61 (filed Sept. 16, 2016). Finally, there is no date for oral argument whatsoever (and there likely will not be one any time soon) on any of the issues on appeal.

If the Court were to grant a stay with respect to Uber's Rule 23(d) order appeals, such a stay could delay prosecution of this action for an indeterminate amount of time, prejudicing Plaintiff through resultant increased difficulty of reaching class members and of potential dissipation of evidence. *See, e.g., Lathrop v. Uber Tech., Inc.*, No. 14cv5678, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (refusing to grant Uber's request for a stay based upon appellate proceeding where briefing schedule had been set, but oral argument had not been scheduled). Unlike *Lathrop*, there is not even a briefing schedule based upon Uber's amended notices of appeal filed in mid-September.

### C. **Conclusion**

For the reasons stated above, and in Plaintiff's original response (Dkt. No. 29), Plaintiff does not oppose a stay to allow the *Mohamed* and *Gillette* appeals to reach final resolution. Plaintiff, however, does oppose the open-ended stay proposed by Uber with respect to Uber's Rule 23(d) order appeals.

Dated: October 21, 2016

Respectfully Submitted,

| | |
|---|---|
| /s/ John R. Davis | Thomas J. Brandi (Cal. Bar No. 53208) |
| Michael L. Slack (Tex. Bar No. 18476800) | tjb@brandilaw.com |
| mslack@slackdavis.com | Brian J. Malloy (Cal. Bar No. 234882) |
| *Pro Hac Vice* | bjm@brandilaw.com |
| John R. Davis (Cal. Bar No. 308412) | THE BRANDI LAW FIRM |
| jdavis@slackdavis.com | 354 Pine Street, Third Floor |
| *Pro Hac Vice* | San Francisco, CA 94104 |
| SLACK & DAVIS, LLP | 415-989-1800 |
| 2705 Bee Cave Road, Suite 220 | |
| Austin, TX 78746 | |
| 512-795-8686 | |
| 512-795-8787 (fax) | |

## **CERTIFICATE OF SERVICE**

Filing counsel hereby certifies that, on October 21, 2016, counsel caused to be electronically filed a true and correct copy of the following document with the Clerk of Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to counsel of record in *Johnston v. Uber Technologies, Inc.*, No. 3:16cv3134EMC (N.D. Cal.):

**Plaintiff's Supplemental Brief in Response to Defendant's Motion to Stay**

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of October, 2016 in Austin, Texas.

/s/ John R. Davis
John R. Davis