1   KEITH A. JACOBY, Bar No. 150233
    kjacoby@littler.com
2   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
3   Los Angeles, California  90067.3107
    Telephone:    310.553.0308
4   Facsimile:    310.553.5583

5   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
6   LITTLER MENDELSON, P.C.
    900 Third Avenue
7   New York, New York  10022.3298
    Telephone:    212.583.9600
8   Facsimile:    212.832.2719

9   SOPHIA BEHNIA, Bar No. 289318
    sbehnia@littler.com
10  LITTLER MENDELSON, P.C.
    333 Bush Street, 34th Floor
11  San Francisco, California  94104
    Telephone:    415.433.1940
12  Facsimile:    415.399.8490

13  Attorneys for Defendant
    UBER TECHNOLOGIES, INC.

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18  TODD JOHNSTON, individually and on          Case No.  3:16-cv-03134-EMC
    behalf of a class of similarly situated
19  persons,                                    **DEFENDANT UBER TECHNOLOGIES,**
                                                **INC.'S NOTICE OF MOTION AND**
20                  Plaintiffs,                 **MOTION TO COMPEL ARBITRATION**
                                                **AND TO DISMISS THE ACTION OR,**
21          v.                                  **ALTERNATIVELY, TO COMPEL**
                                                **ARBITRATION, STRIKE PLAINTIFF'S**
22  UBER TECHNOLOGIES, INC., a                  **CLASS ALLEGATIONS AND STAY**
    Delaware Corporation,                       **PROCEEDINGS; MEMORANDUM OF**
23                                              **POINTS AND AUTHORITIES IN**
                    Defendant.                  **SUPPORT THEREOF**
24
                                                9 U.S.C. §§ 3-4
25
                                                Date:  August 29, 2019
26                                              Time: 1:30 p.m.
                                                Location: Courtroom 5, 17th Floor
27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE  OF  MOTION/MOTION/MPA  ISO          Case No. 3:16-cv-03134-EMC
DEF'S MOTION TO COMPEL ARB

**TABLE OF CONTENTS**

**PAGE**

NOTICE OF MOTION AND MOTION ........................................................................... 1

I.     INTRODUCTION ............................................................................................... 2

II.    STATEMENT OF ISSUES TO BE  DECIDED (LR 7-4) ................................... 3

III.   BACKGROUND FACTS ..................................................................................... 3

       A.     The Uber App Connects Independent Transportation Providers With Riders ........... 3

       B.     Plaintiff Agreed To Arbitrate Claims Arising Out Of Or Related To His Agreement With Rasier ............................................................................... 4

IV.    THE COURT SHOULD DISMISS THE COMPLAINT AND ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS ................................... 8

       A.     The Federal Arbitration Act Applies To The Arbitration Provision ......................... 8

       B.     The Arbitration Provision Is Valid And Must Be Enforced ...................................... 9

              1.     The Delegation Clause In The Arbitration Provision Is Valid And Enforceable .................................................................................. 10

                     a.     The delegation clause is clear and unmistakable ............................... 10

                     b.     The delegation clause is not unconscionable .................................... 11

              2.     The Gateway Issues Under The FAA Have Been Satisfied ........................ 13

                     a.     A valid agreement to arbitrate exists. ................................................ 13

                     b.     Plaintiff's claims fall within the scope of the December 2015 Arbitration Agreement ................................................................... 15

       C.     The Class Action Waiver Is Valid And Enforceable ................................................. 15

       D.     The WARN Act Does Not Provide An Exception To The Rule Of Arbitration ....... 16

V.     CONCLUSION ................................................................................................... 21

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

i.

CASE NO. 3:16-CV-03134-EMC

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*American Express Co. v. Italian Colors Restaurant*,
133 S. Ct. 2304 (2013) ...........................................................................................................18

*AT&T Mobility, LLC v. Concepcion*,
563 U.S. 333 (2011) ...................................................................................................8, 13, 19

*Birdsong v. AT&T Corp.*,
2013 U.S. Dist. LEXIS 37272 (N.D. Cal. March 18, 2013) .......................................................19

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .............................................................................................9, 13

*Bruster v. Uber Techs., Inc.*,
188 F. Supp. 3d 658 (N.D. Ohio 2016) .......................................................................................3

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) ..............................................................................................................8, 9

*Carey v. Uber Techs., Inc.*,
2017 WL 1133936 (N.D. Ohio Mar. 27, 2017) ...........................................................................3

*Cavallo v. Uber Techs., Inc.*,
2017 WL 2362851 (D.N.J. May 31, 2017) ..................................................................................3

*Cessna Aircraft Co. v. Aircraft Network, L.L.C.*,
213 S.W.3d 455 (Tex. App.—Dallas 2006, pet. denied) ............................................................14

*Chambers v. Groome Transp. Of Ala.*,
41 F. Supp. 3d 1327 (M.D. Ala. 2014) ...............................................................................18, 19

*Ciarlante v. Brown & Williamson Tobacco Corp.*,
1995 U.S. Dist. LEXIS 18987 (E.D. Pa. Dec. 18, 1995) .............................................................20

*Citizens Bank v. Alafabco, Inc.*,
539 U.S. 52 (2003) ....................................................................................................................9

*CompuCredit Corp. v. Greenwood*,
565 U.S. 95 (2012) .........................................................................................................18, 20, 21

*Condee v. Longwood Mgmt. Corp.*,
88 Cal. App. 4th 215 (2001) .....................................................................................................13

*Congdon v. Uber Techs., Inc.*,
226 F. Supp. 3d 983 (N.D. Cal. 2016) .........................................................................................3

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

ii.

CASE NO. 3:16-CV-03134-EMC

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE(S)

*Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*,
748 F.3d 249 (5th Cir. 2014) ........................................................................10

*Dauod v. Ameriprise Fin. Servs., Inc.*,
2011 WL 6961586 (C.D. Cal. 2011).............................................................15

*Direct TV, Inc. v. Imburgia*,
__ U.S. __, 136 S. Ct. 463 (2015).............................................................9, 13

*Dwyer v. Dynetech Corp.*,
2007 U.S. Dist. LEXIS 71647 (N.D. Cal. Sept. 17, 2007) ..........................14

*Epic Systems Corp. v. Lewis*,
138 S. Ct. 1612 (2018) .......................................................................... *passim*

*Etcheverry v. Tri-Ag Service, Inc.*
22 Cal. 4th 316 (2000) ..................................................................................11

*First Options of Chicago v. Kaplan*,
514 U.S. 938 (1995)................................................................................13, 17

*Green v. Zachry Indus., Inc.*,
36 F. Supp. 3d 669 (W.D. Va. 2014) .......................................................18, 19

*Guan v. Uber Techs., Inc.*,
236 F. Supp. 3d 711 (E.D.N.Y. 2017) .......................................................3, 11

*Gunn v. Uber Techs., Inc.*,
2017 WL 386816 (S.D. Ind. Jan. 27, 2017).....................................................3

*Hall St. Assoc., LLC v. Mattel, Inc.*,
552 U.S. 576 (2008)........................................................................................8

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
139 S. Ct. 524 (2019) ....................................................................................10

*Howsam v. Dean Witter Reynolds, Inc.*,
537 U.S. 79 (2002).........................................................................................9

*J.M. Davidson, Inc. v. Webster*,
128 S.W.3d 223 (Tex. 2003)..........................................................................14

*Kelly v. San Francisco*,
2008 U.S. Dist. LEXIS 108871 (N.D. Cal. June 30, 2008) ..........................19

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

iii.

CASE NO. 3:16-CV-03134-EMC

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Kilgore v. KeyBank, Nat. Ass'n,*
   718 F.3d 1052 (9th Cir. 2013) (en banc) .................................................................12

*Lamour v. Uber Techs., Inc.,*
   2017 WL 878712 (S.D. Fla. Mar. 1, 2017)..................................................................3

*Lathan v. Uber Techs., Inc.,*
   266 F. Supp. 3d 1170 (E.D. Wis. 2017).......................................................................2

*Lee v. Am. Express Travel Related Servs., Inc.,*
   348 F. App'x 205 (9th Cir. 2009) ..............................................................................15

*Lee v. Uber Techs., Inc.,*
   208 F. Supp. 3d 886 (N.D. Ill. 2016) ....................................................................3, 11

*Marc v. Uber Techs., Inc.,*
   2016 WL 7210886 (M.D. Fla. Dec. 13, 2016)............................................................3

*Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.,*
   89 Cal. App. 4th 1042 (2001) ...................................................................................14

*Mastrobuono v. Shearson Lehman Hutton,*
   514 U.S. 52 (1995)..................................................................................................9, 13

*Maxus Exploration Co. v. Moran Bros., Inc.,*
   817 S.W.2d 50 (Tex. 1991) .......................................................................................13

*McIntosh v. Uber Techs., Inc.,*
   No. 17 C 3273 (N.D. Ill. Jan. 24, 2018).....................................................................3

*Micheletti v. Uber Technolgies, Inc.,*
   2016 U.S. Dist. LEXIS 137318 .................................................................................13

*Micheletti v. Uber Techs., Inc.,*
   213 F. Supp. 3d 839 (W.D. Tex. 2016).......................................................................3

*Mohamed v. Uber Technologies, Inc.,*
   848 F.3d 1214 (9th Cir. 2016) ........................................................................... *passim*

*Morton v. Mancari,*
   417 U.S. 535 (1974)...................................................................................................18

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
   460 U.S. 1 (1983)...................................................................................................8, 15

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

iv.

CASE NO. 3:16-CV-03134-EMC

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE(S)

*Mumin v. Uber Techs., Inc.*,
239 F. Supp. 3d 507 (E.D.N.Y. 2017) ............................................................3, 10

*O'Connor v. Uber Technologies, Inc.*,
58 F. Supp. 3d 989 (N.D. Cal. 2014) ...............................................................15

*O'Connor v. Uber Techs., Inc.*,
904 F.3d 1087 (9th Cir. 2018) ..................................................2, 12, 13, 16

*Olivares v. Uber Techs., Inc.*,
2017 WL 3008278 (N.D. Ill. July 14, 2017).........................................................3

*PacifiCare Health Sys., Inc. v. Book*,
538 U.S. 401 (2003)..............................................................................................9

*Peng v. Uber Techs., Inc.*,
237 F. Supp. 3d 36 (E.D.N.Y. 2017) ................................................................3, 11

*People v. Bradley*,
1 Cal. 3d 80 (1969) ............................................................................................11

*Perry v. Thomas*,
482 U.S. 483 (1987)..............................................................................................9

*Presser v. Key Food Stores Coop., Inc.*,
218 F.R.D. 53 (2003) ........................................................................................20

*Price v. Uber Techs., Inc.*,
2017 WL 2378280 (S.D. Ind. June 1, 2017).........................................................3

*Rent-A-Center, W., Inc. v. Jackson*,
561 U.S. 63 (2010)...........................................................................................9, 13

*Richemond v. Uber Techs., Inc.*,
2017 WL 416123 (S.D. Fl. Jan. 27, 2017).........................................................17

*Richemond v. Uber Techs., Inc.*,
263 F. Supp. 3d 1312 (S.D. Fla. 2017) ...........................................................3, 11

*Rimel v. Uber Techs., Inc.*,
246 F. Supp. 3d 1317 (M.D. Fla. 2017) ...........................................................3, 11

*Scaccia v. Uber Techs., Inc.*,
Case No. 3:18-cv-00418, Magistrate's Report .....................................................2

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

v.

CASE NO. 3:16-CV-03134-EMC

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Scroggins v. Uber Techs., Inc.*,
  2017 WL 373299 (S.D. Ind. Jan. 26, 2017)..............................................................3, 11

*Sena v. Uber Techs., Inc.*,
  2016 WL 1376445 (D. Ariz. Apr. 7, 2016) ...............................................................3, 11

*Sides v. Macon County Greyhound Park, Inc.*,
  2011 U.S. Dist. LEXIS 75729 (M.D. Ala. July 13, 2011)..............................................18

*Suarez v. Uber Techs., Inc.*,
  688 F. App'x 777 (11th Cir. 2017) ...................................................................................2

*Thomas v. Uber Techs., Inc.*,
  1:18-cv-2433-MHC (N.D. Ga. July 19, 2018)....................................................................3

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
  363 U.S. 574 (1960).........................................................................................................15

*Varon v. Uber Techs., Inc.*,
  2016 WL 1752835 (D. Md. May 3, 2016).............................................................................3

*Wash. Mut. Fin. Group, LLC v. Bailey*,
  364 F.3d 260 (5th Cir. 2004) ..........................................................................................13

*Zawada v. Uber Techs., Inc.*,
  2016 WL 7439198 (E.D. Mich. Dec. 27, 2016) ................................................................11

*Zawada v. Uber Techs., Inc.*,
  727 Fed. App'x. 839 (6th Cir. Mar. 14, 2018)....................................................................2

**Statutes**

9 U.S.C. § 2 .........................................................................................................................8, 13

9 U.S.C. § 3 .........................................................................................................................8, 21

9 U.S.C. § 4 ...........................................................................................................................8, 9

15 U.S.C. § 1640(a) .................................................................................................................21

15 US.C. § 1640(a)(1)(B) ........................................................................................................21

15 U.S.C. § 1679g(a)(2)(A) .....................................................................................................21

15 U.S.C. § 1679g(a)(2)(B) .....................................................................................................21

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

vi.

CASE NO. 3:16-CV-03134-EMC

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

29 U.S.C. § 157 ...................................................................................................................19

29 U.S.C. §§ 2101(a)(5), 2102 ...........................................................................................17

29 U.S.C. § 2104(a)(5) .......................................................................................................20

Civ. Code, § 1550 ...............................................................................................................14

Civ. Code, § 1565 ...............................................................................................................14

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5th FLOOR
LOS ANGELES, CA 90067
310.553.0308

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on August 29, 2019 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendant Uber Technologies, Inc. ("Uber") will, and hereby does, move the Court for an order (i) compelling Plaintiff Todd Johnston ("Plaintiff") to arbitrate the instant dispute with Defendant on an individual basis, and (ii) dismissing Plaintiff's Complaint ("Complaint") or, alternatively, compelling Plaintiff to arbitrate the instant dispute on an individual basis, striking Plaintiff's class allegations and staying this case pending the conclusion of the arbitration. This motion is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and to the extent necessary any applicable state law governing the enforcement of arbitration agreements, and is brought on the grounds that Plaintiff's claim against Uber is subject to a valid and enforceable arbitration agreement that requires Plaintiff to arbitrate any disputes with Uber on an individual basis only, and not in a court of law.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the Declaration of Jennifer Sinha filed herewith, the Request for Judicial Notice, the pleadings and papers on file in this action, and such additional evidence or argument as may be presented at or prior to the time of the hearing.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

1.

Case No. 3:16-cv-03134-EMC

I.     **INTRODUCTION**

Plaintiff Todd Johnston ("Plaintiff") is bound by a voluntary, mutual and enforceable agreement to arbitrate the instant dispute with Defendant Uber Technologies, Inc. ("Uber") on an individual basis. After Uber filed its original motion seeking to compel arbitration of Plaintiff's claims in 2017, this Court stayed the proceedings pending the outcomes of *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087 (9th Cir. 2018), and *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018). These cases, and *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1214 (9ᵗʰ Cir. 2016), have now been decided in a manner that requires that Plaintiff arbitrate his claims against Uber.

Specifically, the *O'Connor* decision holds that the Arbitration Provision contained in the December 11, 2015 Technology Services Agreement ("December 2015 TSA"), and not the November 10, 2014 Rasier Software License & Online Services Agreement ("November 2014 Rasier Agreement") governs the arrangement between the parties, and that the delegation clause within the December 2015 TSA is valid and enforceable. *See O'Connor*, 904 F.3d at 1095 (citing *Mohamed* and enforcing class waiver and delegation clause contained within December 2015 TSA, and setting aside this Court's Rule 23(d) order with respect to the December 2015 TSA); *see also Mohamed*, 848 F.3d at 1208 (holding almost identical delegation clause to be enforceable). *O'Connor* and *Epic Systems* also establish that the class action waiver contained in the Arbitration Provision – the only portion of the agreement on which decisions of enforceability remains with the court – is valid and enforceable. *See O'Connor*, 904 F.3d at 1094 (citing *Epic Systems*). And lastly, *Epic Systems* explains that, absent specifically delineated congressional intent otherwise, federal statutes such as the Worker Adjustment and Retraining Notification ("WARN") Act and the National Labor Relations Act ("NLRA") do not override the provisions of the Federal Arbitration Act ("FAA") favoring arbitration. *See Epic Sys.*, 128 S. Ct. at 1624-1630.

For the reasons articulated by the Ninth Circuit in *O'Connor* and *Mohamed*,[1] and by the United States Supreme Court in *Epic Systems*, the same result must be reached here. The Court should order

---

[1] In addition to these Ninth Circuit cases, over **twenty District Courts** and two Circuit Courts of Appeal, have enforced Uber arbitration agreements that are identical or similar to Johnston's. *See Suarez v. Uber Techs., Inc.*, 688 F. App'x 777 (11th Cir. 2017); *Zawada v. Uber Techs., Inc.*, 727 Fed. App'x. 839 (6th Cir. Mar. 14, 2018); *Scaccia v. Uber Techs., Inc.*, Case No. 3:18-cv-00418, Magistrate's Report and Recommendation (S.D. Ohio, June 13, 2019) *Lathan v. Uber Techs., Inc.*,

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5ᵀᴴ FLOOR
LOS ANGELES, CA 90067
310.553.0308

1   Plaintiff to arbitrate in accordance with the Arbitration Provision in the December 2015 TSA, dismiss

2   the First Amended Class Action Complaint ("Complaint") in its entirety and enter an Order compelling

3   Plaintiff to arbitrate his claims on an individual basis, or alternatively strike the class claims and stay

4   the instant case pending individual arbitration.

5   **II.      STATEMENT OF ISSUES TO BE  DECIDED (LR 7-4)**

6          The following issues are raised by this motion:

7          1.      Whether the Court should compel Plaintiff to submit his claims to arbitration on an

8   individual basis and dismiss this case, or alternatively compel arbitration, strike the class claims and

9   stay the instant case pending individual arbitration.

10  **III.     BACKGROUND FACTS**

11         **A.      The Uber App Connects Independent Transportation Providers With Riders**

12         Uber offers a smartphone application (the "Uber App") connecting riders looking for

13  transportation to independent transportation providers ("drivers"), such as Johnston, looking for riders.

14  (Declaration of Jennifer Sinha ("Sinha Decl.") at ¶ 3.)  Uber offers the Uber App to both riders and

15  drivers to facilitate transportation services.  (*Id.*)  The Uber App is used by drivers and riders in over

16  175 cities across the country.  (*Id*. at ¶ 5.)

17         Uber developed multiple software products accessible on the Uber App, including uberX,

18  which allows riders to connect with drivers using cost efficient, every-day vehicles.  (*Id.* at ¶ 4.)

19  Rasier, and its affiliated companies, are wholly-owned subsidiaries of Uber engaged in the business

20

21  266 F. Supp. 3d 1170 (E.D. Wis. 2017); *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983 (N.D. Cal.
2016); *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507 (E.D.N.Y. 2017); *Peng v. Uber Techs., Inc.*,
237 F. Supp. 3d 36 (E.D.N.Y. 2017); *Guan v. Uber Techs., Inc.*, 236 F. Supp. 3d 711 (E.D.N.Y. 2017);

22  *Richemond v. Uber Techs., Inc.*, 263 F. Supp. 3d 1312 (S.D. Fla. 2017); *Rimel v. Uber Techs., Inc.*,
246 F. Supp. 3d 1317 (M.D. Fla. 2017); *Micheletti v. Uber Techs., Inc.*, 213 F. Supp. 3d 839 (W.D.

23  Tex. 2016); *Lee v. Uber Techs., Inc.*, 208 F. Supp. 3d 886 (N.D. Ill. 2016); *Bruster v. Uber Techs.,
Inc.*, 188 F. Supp. 3d 658 (N.D. Ohio 2016); *Olivares v. Uber Techs., Inc.*, 2017 WL 3008278 (N.D.

24  Ill. July 14, 2017); *Cavallo v. Uber Techs., Inc.*, 2017 WL 2362851 (D.N.J. May 31, 2017); *Carey v.
Uber Techs., Inc.*, 2017 WL 1133936 (N.D. Ohio Mar. 27, 2017); *Lamour v. Uber Techs., Inc.*, 2017

25  WL 878712 (S.D. Fla. Mar. 1, 2017); *Gunn v. Uber Techs., Inc.*, 2017 WL 386816 (S.D. Ind. Jan. 27,
2017); *Scroggins v. Uber Techs., Inc.*, 2017 WL 373299 (S.D. Ind. Jan. 26, 2017); *Marc v. Uber

26  Techs., Inc.*, 2016 WL 7210886 (M.D. Fla. Dec. 13, 2016); *Varon v. Uber Techs., Inc.*, 2016 WL
1752835 (D. Md. May 3, 2016); *Sena v. Uber Techs., Inc.*, 2016 WL 1376445 (D. Ariz. Apr. 7, 2016);

27  *Price v. Uber Techs., Inc.*, 2017 WL 2378280 (S.D. Ind. June 1, 2017); *Thomas v. Uber Techs., Inc.*,
1:18-cv-2433-MHC (N.D. Ga. July 19, 2018); *McIntosh v. Uber Techs., Inc.*, No. 17 C 3273 (N.D. Ill.

28  Jan. 24, 2018).

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF  MOTION/MOTION/MPA  ISO
DEF'S MOTION TO COMPEL ARB                    3.                    Case No. 3:16-cv-03134-EMC

of providing lead generation services to drivers through uberX. (*Id.*) Any driver who wishes to access the Uber App to generate leads for riders must first enter into an agreement with Uber and/or the applicable Rasier entity. (*Id.* at ¶ 8.)

### B. Plaintiff Agreed To Arbitrate Claims Arising Out Of Or Related To His Agreement With Rasier

Plaintiff signed up to use the Uber App to generate leads for potential riders using the uberX product in Austin, Texas, and his account was activated on May 22, 2015. (*Id.* ¶ 12). Plaintiff could not access the uberX product to generate leads for potential riders unless and until he electronically accepted the applicable agreement with Rasier.[2] (*Id.* ¶¶ 7-10). At the time Plaintiff signed up to use the Uber App, the applicable agreement was the November 2014 Rasier Agreement. (*Id.* ¶ 12, Ex. C).

To accept the November 2014 Rasier Agreement, Plaintiff first had to sign into the Uber App, where the November 2014 Rasier Agreement was available for review by clicking a hyperlink presented on the screen. (*Id.* ¶¶ 8, 9). Plaintiff was free to spend as much time as he wished reviewing the November 2014 Rasier Agreement on his smartphone. (*Id.*) However, to advance past the screen with the hyperlink to the November 2014 Rasier Agreement and actively use the Uber App, Plaintiff had to click "YES, I AGREE" to the November 2014 Rasier Agreement presented. (*Id.* ¶ 8, 9, Ex. A). After clicking "YES, I AGREE," Plaintiff was prompted to confirm his acceptance a second time. (*Id.* ¶ 8, 9, Ex. B).

On May 22, 2015, the same day his account was activated, Plaintiff accepted the November 2014 Rasier Agreement. (*Id.* ¶ 12). After twice confirming his acceptance of the November 2014 Rasier Agreement as described above, the contract was automatically transmitted to Plaintiff's personal driver portal, where he could review it at his leisure, either online on any device or by printing a copy. (*Id.* ¶ 10).The November 2014 Rasier Agreement contained an arbitration provision ("the

---

[2] The Arbitration Provision expressly applies to any disputes between Plaintiff and Rasier, and any of Uber's other subsidiary or affiliate entities, and expressly identifies Uber Technologies, Inc. as an intended third-party beneficiary of the Arbitration Provision: "this Arbitration Provision also applies, without limitation, to all disputes between You and the Company or Uber, as well as all disputes between You and the Company's or Uber's fiduciaries, administrators, affiliates, subsidiaries, parents . . . . Uber Technologies, Inc. is an intended, third party beneficiary of this Agreement." (Sinha Decl., ¶ 14, Ex. F (December 2015 TSA §15.3(i)).

1    November 2014 Arbitration Provision"). (*Id.* ¶ 12, Ex. C). Although he had the right to do so, Plaintiff

2    did not opt out of that arbitration provision. (*Id.* ¶ 13).

3        Uber periodically modifies its agreements, and drivers who have previously entered into an

4    agreement with Uber or its subsidiaries may be asked to assent to revised versions of the contract in

5    order to receive continued access to the app. (*See id.* ¶ 11). In December 2015, Uber rolled out a

6    revised agreement, which is the operative agreement in this matter, the December 2015 TSA. (*Id.* ¶

7    14; Ex. F). Each time a revised agreement is rolled out, the acceptance process described above is

8    repeated. That is, no driver is bound until he or she affirmatively accepts the new agreement. (*See id.*

9    ¶¶ 11, 14).

10       Before the December 2015 TSA was rolled-out, drivers were sent an e-mail notifying them of

11   the new agreement and Arbitration Provision contained therein. (*Id.* ¶ 14, Ex. E). Plaintiff accepted

12   the December 2015 TSA through the Uber App on December 15, 2015, using the same process

13   described above. (*Id.* ¶¶ 9, 14, Exs. D, F). As with the prior agreement, Plaintiff needed to accept the

14   December 2015 TSA electronically in order to continue to generate leads for potential riders using the

15   Uber platform. (*Id.* ¶¶ 9, 14).

16       The December 2015 TSA contains the operative Arbitration Provision, which provides, in

17   relevant part, as follows:

18           This Arbitration Provision is governed by the Federal Arbitration Act,
             9 U.S.C. § 1 et seq. (the "FAA") and evidences a transaction involving
19           interstate commerce. This Arbitration Provision applies to any dispute
             arising out of or related to this Agreement or termination of the
20           Agreement and survives after the Agreement terminates…

21           **Except as it otherwise provides, this Arbitration Provision is**
             **intended to apply to the resolution of disputes that otherwise would**
22           **be resolved in a court of law or before any forum other than**
             **arbitration, with the exception of proceedings that must be**
23           **exhausted under applicable law before pursuing a claim in a court**
             **of law or in any forum other than arbitration. Except as it**
24           **otherwise provides, this Arbitration Provision requires all such**
             **disputes to be resolved only by an arbitrator through final and**
25           **binding arbitration on an individual basis only and not by way of**
             **court or jury trial, or by way of class, collective, or representative**
26           **(non-PAGA) action.**

27           Except as provided in Section 15.3(v), below, regarding the Class
             Action Waiver, such disputes include without limitation disputes arising
28           out of or relating to interpretation or application of this Arbitration

Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision....

Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to all disputes between You and Uber[ ] … including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to Your relationship with Uber, including termination of the relationship.  This Arbitration Provision also applies, without limitation, to disputes regarding any city, county, state or federal wage-hour law, ... termination, … and state statutes, if any, addressing the same or similar subject matters, and all other similar federal and state statutory and common law claims.

(*Id*. ¶ 14, Ex. F at § 15.3(i)); bold in the original).

The Arbitration Provision further provides that Plaintiff must pursue any claims in arbitration "**on an individual basis only, and not on a class . . . basis**."  (*Id*. at § 15.3(v)) (emphasis in original).

The December 2015 Arbitration Provision broadly requires drivers, *if they do not opt out*, to individually arbitrate *all* disputes arising out of or related to the agreement or their relationship with Uber.  (*Id.* ¶ 14, Ex. F).

Plaintiff could have opted out using a variety of methods, including by simply sending an email to optout@uber.com.  He also was notified of his right to consult with an attorney regarding the Arbitration Provision:

**Your Right To Opt Out Of Arbitration.**

**Arbitration is not a mandatory condition of your contractual relationship with Uber.  If you do not want to be subject to this Arbitration Provision, You may opt out of this Arbitration Provision by notifying Uber in writing of Your desire to opt out of this Arbitration Provision….**

**Should You not opt out of this Arbitration Provision within the 30-day period, You and Uber shall be bound by the terms of this Arbitration Provision.  You have the right to consult with counsel of Your choice concerning this Arbitration Provision.   You understand that You will not be subject to retaliation if You exercise Your right to assert claims or opt-out of coverage under this Arbitration Provision.**

(*Id*. ¶ 14, Ex. F (December 2015 TSA § 15.3(viii)); bold in original.)

The December 2015 Arbitration Provision also contains extensive cautionary notices, both at the beginning of the agreement and immediately before the Arbitration Provision, that advise Plaintiff of the ramifications of agreeing to arbitration and of choosing not to opt out, as well as of certain

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

6.

Case No. 3:16-cv-03134-EMC

1   pending litigation against Uber.  A bolded notice appears on the very first page of the December 2015

2   TSA.  (*Id*. ¶ 14, Ex. F).  In addition, the following language appears immediately prior to the December

3   2015 Arbitration Provision:

> IMPORTANT: This Arbitration Provision will require you to resolve any claim that you may have against the Company or Uber on an individual basis, except as provided below, pursuant to the terms of the Agreement unless you choose to opt out of the Arbitration Provision. Except as provided below, this provision will preclude you from bringing any class, collective, or representative action (other than actions under the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq.* ("PAGA")) against the Company or Uber, and also precludes you from participating in or recovering relief under any current or future class, collective, or representative (non-PAGA) action brought against the Company or Uber by someone else.
>
> ***Cases have been filed against Company or Uber and may be filed in the future involving claims by users of the Service, including by drivers. You should assume that there are now, and may be in the future, lawsuits against Company or Uber alleging class, collective, and/or representative (non-PAGA) claims on your behalf, including but not limited to claims for tips, reimbursement of expenses, and employment status. Such claims, if successful, could result in some monetary recovery to you. …***
>
> **The mere existence of such class, collective, and/or representative lawsuits, however, does not mean that such lawsuits will ultimately succeed. But if you do agree to arbitration with the Company, you are agreeing in advance, except as otherwise provided, that you will not participate in and, therefore, will not seek to recover monetary or other relief under any such class, collective, and/or representative (non-PAGA) lawsuit....**
>
> **WHETHER TO AGREE TO ARBITRATION IS AN IMPORTANT BUSINESS DECISION. IT IS YOUR DECISION TO MAKE.… YOU SHOULD TAKE REASONABLE STEPS TO CONDUCT FURTHER RESEARCH AND TO CONSULT WITH OTHERS – INCLUDING BUT NOT LIMITED TO AN ATTORNEY – REGARDING THE CONSEQUENCES OF YOUR DECISION, JUST AS YOU WOULD WHEN MAKING ANY OTHER IMPORTANT BUSINESS OR LIFE DECISION.**

(*Id*. at § 15.3; bold and italics in the original.)

While thousands of drivers have opted out of one or more of the arbitration provisions contained in the various agreements in place between Uber and the drivers who use the Uber App, Plaintiff accepted the December 2015 TSA on December 15, 2015 and ***did not*** opt out of arbitration within 30 days of acceptance.  (*Id*. ¶¶ 13, 14).

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB                    7.                    Case No. 3:16-cv-03134-EMC

Plaintiff, however, did not honor his agreement to arbitrate, and instead filed his Complaint. The Complaint alleges a single claim under the Worker Adjustment and Retraining Notification ("WARN") Act, stating specifically that drivers operating in Austin, Texas were provided less than 60 days' notice of Uber's cessation of operations in Austin on May 9, 2016.

## IV.   THE COURT SHOULD DISMISS THE COMPLAINT AND ORDER PLAINTIFF TO ARBITRATE HIS CLAIMS ON AN INDIVIDUAL BASIS

The Court should dismiss the Complaint and order Plaintiff to arbitrate his claims on an individual basis pursuant to the FAA, 9 U.S.C. §§ 3-4,[3] because Plaintiff entered into an enforceable arbitration agreement, expressly waiving his right to pursue his class claim in court.

### A.   The Federal Arbitration Act Applies To The Arbitration Provision

As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 346 (2011), the FAA declares a liberal policy favoring the enforcement of arbitration agreements.  The FAA provides: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  In enacting the FAA, Congress sought to overcome widespread judicial hostility to the enforcement of arbitration agreements.  *Hall St. Assoc., LLC v. Mattel, Inc*., 552 U.S. 576, 581 (2008); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining that the FAA was enacted "[t]o overcome judicial resistance to arbitration").  It is designed "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).  To this end, the FAA not only places arbitration agreements on equal footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy *favoring* arbitration agreements."  *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (emphasis added).

---

[3] To the extent necessary, Uber moves under any applicable state law governing the enforcement of arbitration agreements, and arbitration should be ordered under any such applicable state law for the reasons described herein.

LITTLER MENDELSON, P.C.
2049 Century Park East
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE  OF  MOTION/MOTION/MPA  ISO
DEF'S MOTION TO COMPEL ARB                8.                Case No. 3:16-cv-03134-EMC

The December 2015 Arbitration Provision before the Court is indisputably governed by the FAA. First, the Arbitration Provision so states, which is sufficient to bring it within the purview of the FAA. *See Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63-64 (1995) (FAA applies even where contract also provides that state law governs); *Direct TV, Inc. v. Imburgia*, __ U.S. __, 136 S. Ct. 463, 468-471 (2015) (FAA applies even if agreement designates a state choice of law).

Second, the agreement within which the Arbitration Provision is contained affects commerce. The FAA's term "involving commerce" is interpreted broadly. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Plaintiff's use of the Uber App, and its nationwide reach and popularity, to transport riders in exchange for a fare involves commerce sufficient for the FAA to apply.

## B.   The Arbitration Provision Is Valid And Must Be Enforced

The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement, consistent with the principle that arbitration is a matter of contract. 9 U.S.C. § 4. In determining whether to compel arbitration under the FAA, only two "gateway" issues need to be evaluated: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 n.2 (2003); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002).

Before reaching these gateway issues, however, a court must examine the underlying contract to determine whether the parties have agreed—as they have here—to commit the threshold question of arbitrability to the arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."); *Buckeye Check Cashing*, 546 U.S. at 446. If so, under *Rent-A-Center*, the arbitrator must address the threshold question of arbitrability. *See, e.g., Brennan v. Opus Bank*, 796 F.3d 1125, 1130-1132 (9th Cir. 2015) ("a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator"); *accord Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262-263 (5th Cir. 2014) (if the parties have delegated questions of arbitrability to the arbitrator, "whether the Plaintiffs' claims are subject to arbitration must be decided in the first instance by the arbitrator, not a court"). The Supreme Court has recently

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

9.

Case No. 3:16-cv-03134-EMC

reiterated this point in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).  There the Court explained that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, ***a court possesses no power to decide the arbitrability issue***. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Id.* at 529. Therefore, as shown below, the issue of arbitrability is not for this Court, but for the arbitrator, to decide.

### 1.   The Delegation Clause In The Arbitration Provision Is Valid And Enforceable

#### a.   The delegation clause is clear and unmistakable.

Here, the Arbitration Provision clearly and unmistakably provides that, with the exception of the class-action waiver, the arbitrator must decide all "disputes arising out of or relating to interpretation or application of this Arbitration Provision, **including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision**." (Uber Decl. at ¶ 13, Ex. E to Uber Decl. at § 15.3(i) (emphasis added).)

Multiple courts from around the country—including the Ninth Circuit in *Mohamed*—have found this language (or nearly identical language) to constitute clear and unmistakable intent to delegate threshold issues of enforceability to arbitration:

| CASE | HOLDING |
|---|---|
| *Mohamed*, 848 F.3d at 1208. | Finding that nearly identical arbitration provisions "clearly and unmistakably delegated the question of arbitrability to the arbitrator." |
| *Mumin*, 239 F. Supp. 3d at 524–25. | "The court finds that Uber [and Plaintiffs] intended to delegate questions of arbitrability to an arbitrator, and therefore any challenge to the scope, enforceability, or applicability of the Arbitration Provision is for an arbitrator to resolve in the first instance." |
| *Sena*, 2016 WL 1376445 at *7. | "Given the plain language of the Delegation Clause, the Court finds that the parties clearly and unmistakably intended to arbitrate questions of arbitrability." |
| *Zawada v. Uber Techs., Inc.*, 2016 WL 7439198, at *10 (E.D. Mich. Dec. 27, 2016). | "In sum, the Court finds that the Arbitration Provision clearly and unmistakably delegates the gateway issue of arbitrability to an arbitrator. And because the provision is not unconscionable or illegal under the NLRA, the Court must enforce it by compelling arbitration." |

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB                    10.                    Case No. 3:16-cv-03134-EMC

| *Singh,* 235 F. Supp. 3d at 676. | "… because the parties have agreed to permit the arbitrator to decide issues of arbitrability under the Agreement's delegation clause, that determination shall be reserved for the arbitrator." |
|---|---|
| *Lee*, 208 F. Supp. 3d at 892.[4] | "This Court agrees with the Ninth Circuit and the numerous district courts that have found this delegation clause [in the December 2015 TSA] clear and unmistakable in delegating the question of arbitrability to an arbitrator." |

In sum, the parties have clearly and unmistakably agreed to arbitrate gateway issues, and therefore only the arbitrator has the power to rule on any objections with respect to the existence, scope, or validity of the agreement.  (*See* Ex. E to Uber Decl. at § 15.3(i).)

<h3 align="center">b.     The delegation clause is not unconscionable.</h3>

The next question for the Court is whether the delegation clause is unconscionable.  This issue, too, is already decided.  In *Mohamed*, the Ninth Circuit found that the delegation provision of the agreements was not unconscionable, disagreeing with this Court's finding that the opt-out procedure set forth in a prior version of Uber's arbitration agreement created unconscionability.  Instead, the Court held that binding Ninth Circuit authority compelled the conclusion that the agreements were not adhesive nor procedurally unconscionable because the opt-out provided for "the existence of a meaningful right to opt-out," which rendered the delegation provision procedurally conscionable as a matter of law.  *Mohamed,* 848 F.3d at 1210.

Specifically, the Ninth Circuit held: "In *Circuit City Stores, Inc. v. Ahmed*, we held that an arbitration agreement is not adhesive if there is an opportunity to opt out of it. 283 F.3d 1198, 1199 (9th Cir. 2002); *see also Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (en banc). Taken together, these two principles compel us to find that the 2014 Agreement, at least, is not adhesive, which supports our holding that the delegation provision is not unconscionable." *Mohamed*, 848 F.3d at 1211.

---

[4] *See also Scroggins*, 2017 WL 373299 at *2-3; *Richemond,* 263 F. Supp. 3d at 1317; *Guan,* 236 F. Supp. 3d at 729; *Peng,* 237 F. Supp. 3d at 54; *Rimel*, 246 F. Supp. 3d at 1326. State courts have long-recognized federal court authority as persuasive and have given such authority great weight. *See Etcheverry v. Tri-Ag Service, Inc.* 22 Cal. 4th 316, 320-21 (2000) (holding that, "[w]hile [state courts] are not bound by decisions of the lower federal courts…they are persuasive and entitled to great weight."); *see also People v. Bradley*, 1 Cal. 3d 80, 86 (1969) (holding the same).

LITTLER MENDELSON, P.C.
2049 Century Park East
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

1    As with both the prior versions of Uber's arbitration agreement at issue in *Mohamed*, the

2    December 2015 Arbitration Provision contains a conspicuous opt-out provision, rendering the

3    Arbitration Provision voluntary, and thus free from procedural unconscionability.  Plaintiff's right to

4    opt out of the Arbitration Provision is described ***on the very first page of the Agreement***, as well as in

5    a standalone section of the Arbitration Provision with the underlined and bolded title "**Your Right To**

6    **Opt Out Of Arbitration.**"  (Sinha Decl., ¶ 14, Ex. F (December 2015 TSA at § 15.3(viii)).)  The

7    December 2015 Arbitration Provision also expressly explains that: (1) arbitration is "not a mandatory

8    condition of [Plaintiff's] contractual relationship with the Company"; (2) Plaintiff would "not be

9    subject to retaliation if [he] … opt[ed]-out"; and (3) Plaintiff had the "right to consult with counsel"

10   concerning the December 2015 Arbitration Provision.  (*Id.*)  Plaintiff had 30 days to inform Uber of

11   his desire to opt out.  (*Id.*)  Although Plaintiff did not opt out of the Arbitration Provision, ***thousands***

12   of independent transportation providers who use or have used the Uber App have, in fact, exercised

13   their rights to do so.  (*Id.*, ¶ 13.)  This meaningful opportunity to opt out ***precludes*** any finding of

14   procedural unconscionability and therefore requires enforcement of the Arbitration Provision.  *See*

15   *Kilgore*, 718 F.3d at 1059 (9th Cir. 2013) (holding that an arbitration provision is not procedurally

16   unconscionable if it "allows [signatories] to reject arbitration" through an opt-out procedure).

17   Indeed, following its ruling in *Mohamed,* the Ninth Circuit applied the same reasoning to find

18   that the delegation clause in the December 2015 Arbitration Provision at issue here was also

19   enforceable. *O'Connor*, 904 F. 3d at 1093-94.  Therefore, Plaintiff must be ordered to arbitrate all

20   threshold issues of arbitrability, leaving only the enforceability of the class action waiver, which is

21   discussed below.

22              **2.    The Gateway Issues Under The FAA Have Been Satisfied**

23   Even if the Court were to find that it, rather than the arbitrator, should evaluate the

24   enforceability of the Arbitration Provision, notwithstanding the clear and unmistakable delegation

25   clause, both of the "gateway" issues have been satisfied here, and thus, Plaintiff's claims should be

26   compelled to arbitration.

27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB                        12.                        Case No. 3:16-cv-03134-EMC

### a.   A valid agreement to arbitrate exists.[5]

General contract law principles apply to the interpretation and enforcement of arbitration agreements.  *First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004).  Uber's burden is minimal – it only needs to establish, by a preponderance of evidence, that a valid agreement to arbitrate exists.  *Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 218-219 (2001) (party seeking to compel arbitration needs only prove, by a preponderance of the evidence, that an agreement to arbitrate exists).

A valid agreement to arbitrate exists, as here, Plaintiff (i) twice affirmatively acknowledged his intent, after ample opportunity to review, to be bound by the terms of the December 2015 TSA, including the conspicuous Arbitration Provision contained therein; and (ii) had 30 days after accepting to review the Arbitration Provision and consider whether to opt out, but did not do so. *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049-50 (2001) ("Every contract requires mutual assent or consent (Civ. Code, §§ 1550, 1565), and ordinarily one who signs an instrument which on its face is a contract is deemed to assent to all its terms."); *Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied) (under Texas law, a valid contract consists if – in addition to an offer and acceptance – there is a meeting of the

---

[5] The contract at issue was formed and Plaintiff performed services in the State of Texas.  Texas state contract principles are appropriate to determine whether a contract was formed because the California choice of law provision of the December 2015 TSA states that it does **not** apply to the Arbitration Provision, and the Arbitration Provision contains no separate choice of law provision.  *Micheletti v. Uber Technolgies, Inc.*, 2016 U.S. Dist. LEXIS 137318, at *13-14; *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991) ("The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties …"); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995) (New York "choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration; neither sentence intrudes upon the other"); *Rent-A-Center*, 561 U.S. at 70-71 (Section 2, the "primary substantive provision of the FAA," provides that a written provision to settle a controversy by arbitration is "'valid, irrevocable, and enforceable' *without mention* of the validity of the contract in which it is contained.").  Regardless, the Arbitration Provision is enforceable under either California or Texas state contract law principles.

Moreover, because the enforceability of delegation clauses and class action waivers are questions of substantive federal arbitration laws under the FAA, *Mohamed* and *O'Connor* are binding on this Court, regardless of the state contract law used to determine whether a valid contract exists.  *Direct TV, Inc. v. Imburgia*, __ U.S. __, 136 S. Ct. 463, 468 (2015) (with respect to class action waivers, "The Federal Arbitration Act is a law of the United States, and *Concepcion* is an authoritative interpretation of that Act"); *Brennan, supra*, 796 F.3d at 1129 ("federal law governs the arbitrability question by default because the Agreement is covered by the FAA …").

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE  OF  MOTION/MOTION/MPA  ISO
DEF'S MOTION TO COMPEL ARB

13.

Case No. 3:16-cv-03134-EMC

minds, each party consents to the terms, and there is a mutual manifestation of an intention to be bound by the agreement). Further, the Arbitration Provision is supported by valid consideration. *See, e.g., J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003) ("mutual promises to submit disputes to arbitration constituted sufficient consideration, because both parties are bound to the promises to arbitrate").

Plaintiff cannot avoid arbitration where Uber provided Plaintiff ample notice and opportunity to review the agreement—and in particular the Arbitration Provision contained in the agreement—before he accepted it.  Indeed, before the December 2015 TSA was rolled-out, drivers were sent an e-mail notifying them of the new TSA and Arbitration Provision contained therein, ensuring that there would be no surprise regarding the terms of the agreement to any drivers.  (Sinha Decl. ¶ 14, Ex. E). Further, **the first page** of the December 2015 TSA includes a notice (impossible to miss) in bold and in capital letters stating that the agreement includes an arbitration provision that requires resolution of disputes "**ON AN INDIVIDUAL BASIS . . . THROUGH FINAL AND BINDING ARBITRATION.**"  (*Id.* ¶ 14, Ex. F at p. 1); *see Dwyer v. Dynetech Corp.*, 2007 U.S. Dist. LEXIS 71647, at *11 (N.D. Cal. Sept. 17, 2007) (the fact that the plaintiff had four days to review arbitration agreement "weigh[ed] against a finding of procedural unconscionability").  Plaintiff's meaningful opportunity to review, and to opt-out of the Arbitration Provision, and his multiple affirmations acknowledging assent to the December 2015 TSA, conclusively establishes a valid agreement to arbitrate.

### b. Plaintiff's claims fall within the scope of the December 2015 Arbitration Agreement.

The second gateway issue is whether the Arbitration Provision covers the dispute between the parties.  In making this determination, the FAA requires courts to apply a presumption in favor of arbitrability.  *See Moses H. Cone*, 460 U.S. at 24-25.  In fact, courts must enforce arbitration agreements "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

1      There is no reasonable dispute that Plaintiff's claims fall squarely within the arbitrable disputes

2 set forth in the Arbitration Provision.  Plaintiff specifically agreed to arbitrate "dispute arising out of

3 or related to this Agreement ***or termination of the Agreement***," "all disputes between [Plaintiff] and

4 [Uber/Rasier] … including but not limited to any disputes arising out of or related to this Agreement

5 and disputes arising out of or related to [Plaintiff's] relationship with [Uber/Rasier], ***including***

6 ***termination of the relationship***." and any "disputes regarding any city, county, state or federal wage-

7 hour law, . . . termination, . . . and state statutes, if any, addressing the same or similar subject matters,

8 and all other similar federal and state statutory and common law claims." (Sinha Decl., ¶ 14, Ex. F

9 (December 2015 TSA at 15.3(i))).  Plaintiff's claims under the WARN Act clearly fall within the scope

10 of the agreement to arbitrate.

11     **C.**    **The Class Action Waiver Is Valid And Enforceable**

12      The only enforceability issue for the Court is that of the class action waiver.[6]  Since Uber filed

13 its first motion to compel arbitration in this case, the United States Supreme Court has eliminated any

14 and all doubt that class action waivers in arbitration agreements are valid and enforceable.  *Epic Sys.*

15 *Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018) ("The policy may be debatable but the law is clear:

16 Congress has instructed that arbitration agreements like those before us must be enforced as written.");

17 *O'Connor,* 904 F. 3d at 1093-94 (following *Epic Systems* and holding that the Arbitration Provision

18

19 [6] Again, the December 2015 Arbitration Provision also leaves for the Court the question of whether
the PAGA provision is enforceable.  This is, however, irrelevant here.  Plaintiff asserts no PAGA
20 claim, and has no standing to do so.  *O'Connor v. Uber Technologies, Inc.*, 58 F. Supp. 3d 989, 1006
(N.D. Cal. 2014) (California "Labor Code violations upon which Plaintiffs rely do not apply
21 extraterritorially and, therefore, cannot apply to those Plaintiffs or unnamed class members who
worked in states other than California."); *Lee v. Am. Express Travel Related Servs., Inc.*, 348 F. App'x
22 205, 207 (9th Cir. 2009) ("Plaintiffs cannot satisfy the requirements of Article III because they have
not yet been injured by the mere inclusion of these provisions in their agreements"); *Dauod v.*
23 *Ameriprise Fin. Servs., Inc.*, 2011 WL 6961586, at *5 (C.D. Cal. 2011) (where plaintiff did not assert
a PAGA claim, the question "whether a PAGA waiver taints the Agreement with illegality is not even
24 a genuine issue in [the] case").  Moreover, the PAGA provision expressly provides that, if the Court
finds it unenforceable, the PAGA provision expressly states any PAGA claim must continue in Court.
25 In *Mohamed*, the Ninth Circuit found lawful similar language that if a court found a PAGA claim
could not be waived, it should proceed in court.  *Mohamed,* 2016 U.S. Dist. LEXIS 22898, at *23-24.
26 The December 2015 Arbitration Provision provides even more unequivocally that a non-waivable
PAGA claim must proceed in court, and also provides that, if necessary, the provision must be severed
27 without affecting the remainder of the Arbitration Provision.  (Sinha Decl., ¶ 14, Ex. F (December
2015 TSA at 15.3(v)) ("severance of the unenforceable provision shall have no impact whatsoever on
28 the Arbitration Provision of the Parties' attempt to arbitrate any remaining claims on an individual
basis...")).

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

15.

Case No. 3:16-cv-03134-EMC

at issue here is enforceable).  Under *Epic Systems*, the only permissible challenges to a class waiver are "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id*. at 1622 (citations omitted).  Thus, following *Epic Systems*, a defense rooted in a challenge to a class waiver simply because it prohibits class litigation will fail.

The December 2015 Arbitration Provision states: "[T]his Arbitration Provision requires all such [arbitrable] disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action."  (*Id*. at 15.3(v)).  The Arbitration Provision further provides: "You and [Uber/Rasier] agree to resolve any dispute in arbitration on an individual basis only, and not on a class, collective action, or representative basis."  (*Id*. at 15.3(v)).

Here, the Court should apply Supreme Court and Ninth Circuit precedent and the voluntary class waiver should be enforced. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018); *O'Connor,* 904 F. 3d at 1093-94 (following *Epic Systems* and holding that the Arbitration Provision at issue here is enforceable).

### D.   The WARN Act Does Not Provide An Exception To The Rule Of Arbitration

Plaintiff has previously argued that his WARN Act claims are somehow an exception to the Supreme Court's unequivocal holding that class action waivers are enforceable. Plaintiff's argument is baseless.

*First*, as explained above, the parties' agreement to arbitrate delegates the key threshold classification issue to the arbitrator. The WARN Act's notice provisions apply only to employees. 29 U.S.C. §§ 2101(a)(5), 2102.  In his Complaint, Plaintiff contends that he is an employee of Uber and he alleges a single cause of action for violation of the WARN Act. (Complaint, ¶¶ 16-17, 51-56.) However, the December 2015 TSA expressly ***disclaims*** the existence of an employment relationship and instead provides that "the relationship between the parties under this Agreement is solely that of independent contracting parties."  (Sinha Decl., ¶ 14, Ex. F at § 13.1.)  While the December 2015 Arbitration Provision reserves for the Court disputes regarding the enforceability of the class action waiver, the parties also expressly agreed that "all disputes between [Plaintiff] and [Uber]" and "disputes arising out of or related to [Plaintiff's] relationship with [Uber]," are to be resolved ***only*** by

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA 90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB          16.          Case No. 3:16-cv-03134-EMC

an arbitrator. (*Id.*, Ex. F at §§ 15.3i, 15.3v.)  The agreement goes on: "This Agreement is intended to require arbitration of every claim or dispute that lawfully can be arbitrated, except for those claims and disputes...expressly excluded." (*Id.* at § 15.3i.)  Thus, the parties agreed that an arbitrator, not this Court, would be responsible for deciding the question of whether Plaintiff's relationship with Uber is that of an employee or an independent contractor.  Plaintiff cannot litigate his WARN Act claim without first obtaining a favorable ruling from an arbitrator regarding his employment status. *Richemond v. Uber Techs., Inc.,* 2017 WL 416123, at *8 (S.D. Fl. Jan. 27, 2017) ("However, pursuant to the Arbitration Provision, the Arbitrator is responsible for deciding the threshold issue of whether Richemond's relationship with Uber is that of an employee or an independent contractor.")  Therefore, the Court must enforce the parties' agreement as written, compel the threshold status question to arbitration, and stay the remainder of the case. In the event an arbitrator determines that Plaintiff was Uber's employee, Plaintiff may thereafter return to the judicial forum to litigate the narrow issue reserved for the Court, *i.e.* the enforceability of the class action waiver under the WARN Act.

**Second**, even if the Court addresses Plaintiff's arguments regarding the WARN Act, Plaintiff cannot establish that the WARN Act's language overrides the FAA's policy of favoring the enforcement of arbitration agreements.  Where, like here, an arbitration agreement requires the arbitration of federal statutory claims, the FAA's mandate requiring courts to enforce agreements to arbitrate according to their terms will only be overcome by a "contrary congressional command." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). No such contrary congressional command exists here, and nothing in the WARN Act's legislative history or text suggest that the WARN Act intended to establish a non-waivable right to class-based litigation. Indeed, the FAA and the WARN Act are perfectly capable of being harmonized in a way that mandates enforcement of the parties' Arbitration Provision according to its terms.  *See Epic Systems,* 138 S. Ct. at 1624 (When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at "liberty to pick and choose among congressional enactments" and must instead strive "'to give effect to both.'"); *Morton v. Mancari*, 417 U.S. 535, 551 (1974) ("The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

17.

Case No. 3:16-cv-03134-EMC

1   courts, absent a clearly expressed congressional intention to the contrary, to regard each as
2   effective.")).

3       Numerous courts have directly addressed and rejected the same argument made by Plaintiff
4   and this Court should do the same here. WARN need not be litigated on a class or collective basis. In
5   recent class action cases involving WARN Act claims, three District Court cases enforced class action
6   waivers and ordered individual arbitration. *See Chambers v. Groome Transp. Of Ala.*, 41 F. Supp. 3d
7   1327, 1346, 1354 (M.D. Ala. 2014) (compelling arbitration of WARN Act claim and rejecting the
8   plaintiff's argument that the "'presence of the class action language in the WARN Act' is a factor that
9   'leads inexorably to the conclusion that all of the aggrieved employees have the right to participate in
10  this class action.'"); *Sides v. Macon County Greyhound Park, Inc.*, 2011 U.S. Dist. LEXIS 75729, at
11  *13-14 (M.D. Ala. July 13, 2011) (enforcing class action waiver and compelling arbitration of WARN
12  Act claim despite the plaintiff's argument that the WARN Act embodies a public policy favoring class
13  actions); *Green v. Zachry Indus., Inc.*, 36 F. Supp. 3d 669, 679 (W.D. Va. 2014) (staying litigation
14  and compelling arbitration of WARN Act claim over plaintiff's argument that WARN Act provides
15  substantive right to proceed as a class action).

16      This is because the ability to bring a WARN class action is a procedural, not a substantive,
17  right, and thus any argument to the contrary must be rejected. *See American Express Co. v. Italian
18  Colors Restaurant*, 133 S. Ct. 2304, 2309 (2013) (rejecting proposition that "congressional approval
19  of Rule 23 establish[es] an entitlement to class proceedings for the vindication of statutory rights" and
20  noting that *Concepcion* similarly rejected contention that "federal law secures a nonwaivable
21  opportunity to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking
22  some other informal class mechanism in arbitration."); *Chambers*, 41 F. Supp. 3d at 1350-1351 (in
23  WARN Act case, court notes that in arguing they may proceed in court with a class action, plaintiffs
24  confuse "a procedural vehicle (the class action) with the substantive statutory claim (the WARN Act
25  claim).  The right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation
26  of substantive claims"); *Green*, 36 F. Supp. 3d at 675-676 (court reiterated "well-settled" principle
27  that the right to adjudicate as a class is a procedural right only and expressly rejected plaintiff's
28  argument that arbitration agreement was unconscionable because it required employees to forfeit the

LITTLER MENDELSON, P.C.
2049 Century Park East
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

18.

Case No. 3:16-cv-03134-EMC

1  substantive right to bring a class action under the WARN Act, ERISA and COBRA); *see also Birdsong*

2  *v. AT&T Corp.,* 2013 U.S. Dist. LEXIS 37272, at *10-17 (N.D. Cal. March 18, 2013) (holding that

3  statutory right to bring an FLSA collective action is *procedural* and, as such, can be waived); *Kelly v.*

4  *San Francisco*, 2008 U.S. Dist. LEXIS 108871, at *14 (N.D. Cal. June 30, 2008) (enforcing FLSA

5  collective action waiver).

6       The Supreme Court's recent decision in *Epic Systems* further bolsters the finding that

7  Plaintiff's WARN Act claim must be sent to arbitration on an individual basis.  The WARN Act was

8  originally proposed as an amendment to the NLRA "to make plant closing decisions and permanent

9  layoffs a mandatory subject of [collective] bargaining." (*See* RJN 1 (Legislative History, at 590 (Aug.

10  17, 1987 House Committee Rep. on H.R. 1122).  Like the WARN Act, the NLRA, by its nature, is

11  meant to provide collective rights to employees in providing the right to self-organize, bargain

12  collectively, and engage in concerted activities for mutual aid or protection.  *Epic Systems,* 138 S. Ct.

13  at 1624; 29 U.S.C. § 157.  But in *Epic Systems*, the Court found that under the NLRA, an employee

14  can lawfully waive the right to participate in a class action, despite language in the NLRA protecting

15  the right to collectively bargain and engage in other concerted activity, because the right to engage in

16  protected concerted activity can be read to work in harmony with the FAA.  *Id.* at 1628, 1632.  Notably,

17  like the WARN Act, the NLRA "does not express approval or disapproval of arbitration . . . It does

18  not even hint at a wish to displace the [FAA] – let alone accomplish that much clearly and manifestly,

19  as our precedents demand." *Id.* at 1624.  "When confronted with two Acts of Congress allegedly

20  touching on the same topic, this Court is not at 'liberty to pick and choose among congressional

21  enactments' and must instead strive 'to give effect to both.' A party seeking to suggest that two statutes

22  cannot be harmonized, and that one displaces the other, bears the heavy burden of showing '*a clearly*

23  *expressed congressional intention*' that such a result should follow." *Id.* (internal citations omitted,

24  emphasis added).  Further, "when Congress wants to mandate particular dispute resolution procedures

25  it knows exactly how to do so . . . Congress has likewise shown that it knows how to override the

26  Arbitration Act when it wishes." *Id.* at 1626.

27       There is no evidence whatsoever of congressional intent to displace the FAA in the WARN

28  Act.  Indeed, the WARN Act merely provides for the *possibility*—not a Congressional command—of

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB

19.

Case No. 3:16-cv-03134-EMC

1    class-based litigation. The WARN Act provides that "A person seeking to enforce such liability,

2    including a representative of employees…may sue *__either__* for such person or for other persons similarly

3    situated, or both." 29 U.S.C. § 2104(a)(5) (emphasis added).  It does not, however, provide solely for

4    the option of class-based litigation, and there is no prohibition anywhere in the statute that limits an

5    individual's ability to bring an individual arbitration for WARN related claims, and Plaintiffs can and

6    do pursue WARN Acts on an individual basis. *See e.g.*, *Presser v. Key Food Stores Coop., Inc.*, 218

7    F.R.D. 53, 55 (2003) (Plaintiff originally filed individual WARN Act case); *Ciarlante v. Brown &*

8    *Williamson Tobacco Corp.*, 1995 U.S. Dist. LEXIS 18987, *5 (E.D. Pa. Dec. 18, 1995) (recognizing

9    that former employees could individually pursue WARN Act claims).  This makes clear that the class

10   action mechanisms provided for in the WARN Act are procedural, and not substantive, in nature, as

11   alternate mechanisms of pursuing the substantive claims exist in the Act itself.  *See Epic Systems,* 138

12   S. Ct. at 1627 ("even a statute's express provision for collective legal actions does not necessarily

13   mean that it precludes 'individual attempts at conciliation' through arbitration.").

14        The Supreme Court has also considered and rejected arguments that other federal statutes with

15   similar language to the WARN Act, such as the Credit Repair Organizations Act ("CROA") and the

16   Truth in Lending Act ("TILA"), contained a "contrary congressional command" such that the

17   resolution of claims in arbitration was precluded. *See, e.g.*, *CompuCredit Corp.*, 565 U.S. at 102-104

18   (Congress did not intend to preclude resolution of CROA claims in arbitration).  The language of the

19   WARN Act is *precisely* like the CROA and the TILA in that it merely provides for the *possibility* of

20   class-based litigation.  Likewise, the CROA provides for *either* individual or class litigation. 15 U.S.C.

21   § 1679g(a)(2)(A) ("In the case of any action by an individual…"); § 1679g(a)(2)(B) ("In the case of a

22   class action…"). The TILA similarly contemplates class litigation as an option. 15 U.S.C. § 1640(a)

23   ("…in determining the amount of award in any class action…"); § 1640(a)(1)(B) ("…in the case of a

24   class action…"). *CompuCredit* is controlling. There is no "congressional command" barring

25   arbitration of WARN claims or guarantee a right to class action litigation under WARN.

26

27

28

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE OF MOTION/MOTION/MPA ISO
DEF'S MOTION TO COMPEL ARB                    20.                    Case No. 3:16-cv-03134-EMC

1  Under binding Supreme Court and Ninth Circuit precedent, the parties' agreement not to

2  pursue class claims must be enforced, Plaintiff compelled to individual arbitration, and the Complaint

3  dismissed.[7]

4  **V.      CONCLUSION**

5  Because the parties entered into a valid contract requiring the submission of any disputes

6  arising out of Plaintiff's relationship with Uber to be decided in arbitration on an individual basis, and

7  this dispute falls within the scope of that agreement, this Court should order Plaintiff to individually

8  arbitrate his claims against Defendants and dismiss his Complaint.  If, on the other hand, the Court

9  determines dismissal is inappropriate, it must, nevertheless order individual arbitration and stay

10  proceedings pending arbitration.  *See* 9 U.S.C. § 3.

11  Dated: July 11, 2019

12

13
                                                    */s/ Keith A. Jacoby*
14                                                  KEITH A. JACOBY
                                                    LITTLER MENDELSON, P.C.
15                                                  Attorneys for Defendant
                                                    UBER TECHNOLOGIES, INC.

16

17  FIRMWIDE:165379170.2 073208.1219

18

19

20

21

22

23

24

25

26

27
---
[7] In the event the Court declines to dismiss the Complaint pending arbitration, the FAA authorizes
28  federal courts to stay litigation until the arbitration has been conducted "in accordance with the terms
     of the [parties' arbitration] agreement . . . [.]"  9 U.S.C. § 3.

LITTLER MENDELSON, P.C.
2049 CENTURY PARK EAST
5TH FLOOR
LOS ANGELES, CA  90067
310.553.0308

NOTICE  OF  MOTION/MOTION/MPA  ISO
DEF'S MOTION TO COMPEL ARB          21.          Case No. 3:16-cv-03134-EMC