UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD JOHNSTON,

            Plaintiff,

    v.

UBER TECHNOLOGIES, INC.,

            Defendant.

Case No. 16-cv-03134-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Docket No. 121

On September 16, 2019, this Court granted Defendant's Motion to Compel Individual Arbitration. *See* Docket No. 120 ("Order"). On September 24, 2019, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration. *See* Docket No. 121 ("Mot.").

## I.    DISCUSSION

A.    Legal Standard

Under Civil Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

B.    <u>Analysis</u>

Plaintiff first notes:

> The Court's Order states that "both parties agreed" that it would be inappropriate for the Court to decide the employee issue. To be clear, Plaintiff does not agree that it would be inappropriate for the Court to decide the employee issue, and accordingly seeks reconsideration on this point.

Mot. at 2 (citation omitted). Upon review, the record is less clear and the Court may have overstated Plaintiff's position. Plaintiff argued that the question of arbitrability should turn on legal analysis of the WARN Act, and not on the determination of a putative employee's classification, and thus Plaintiff did not seek resolution of classification status as a threshold question. In any event, the Court does not find sufficient cause to grant Plaintiff's Motion for Reconsideration.

The Court thoroughly considered the legal arguments Plaintiff presented the Court before it issued its Order.[1] The Court identified two provisions from the Arbitration Agreement in support of its determination that the case should proceed to arbitration as ordered. First, "[t]he Arbitration Provision clearly and unmistakably provides that . . . the arbitrator must decide all disputes . . . including the enforceability, revocability of the Arbitration Provision." Order at 8-9 .

---

[1] In its opposition to Defendant's motion to compel arbitration, Plaintiff's primary contentions were that the WARN Act contains contrary congressional commands that overrides the FAA and that the WARN Act triggers the FAA's Savings Clause with respect to Uber's class waiver. *See* Docket No. 112. All these arguments were reviewed and considered by the Court. In its Order, the Court ruled that it "cannot reach the legal question regarding the relationship between the WARN Act and the FAA until the threshold finding is made that Plaintiff is an employee." The Court found, further, that if the arbitrator sends the case back to the court, it will then determine whether the class action waiver is valid. "If arbitrator determines that Plaintiff is . . . independent contractor, the arbitrator may retain jurisdiction. . . . [and then determine the class action waiver]." *See* Order at 8-9.

Since the arbitrability of the WARN Act claim turns upon whether Plaintiff is an employee, Plaintiff's status informs arbitrability, and therefore must be decided by the arbitrator. *Id.* Second, the Delegation Clause specifies that the issues "arising out of or relating to" the enforceability of the Arbitration Agreement are to be decided by the arbitrator. *Id.* (citing *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094-95 (9th Cir. 2018) (finding that the Delegation Clause is not unconscionable)). Regardless of whether Plaintiff agreed or disagreed as to whether it would appropriate for the Court to decide the classification issue in deciding arbitrability, the Court properly granted Defendant's motion based on the facts before the Court.

Plaintiff also argues that the Court's Order requiring individual arbitration is "problematic" for two reasons: First, because the employment status issue is an element of his WARN Act claims therefore should be pursued in court, not by arbitration. Second, the Court's ruling to compel arbitration would change the "posture of the case" because, regardless of the arbitrator's determination, Uber will attempt to enforce the class action waiver on individual basis. Mot. at 2. These points were presented to the Court before it issued its Order. *See* Docket No. 112 (Opp'n). Reconsideration is not permitted for arguments that were presented to and considered by the Court prior to the issuance of its Order. *Hestia Edu. Grp., LLC v. King*, No. 15-cv-01463-DMR 2016 WL 1323079, at *2 (N.D. Cal. Apr. 5, 2016) ("Plaintiff's [Rule 7-9(b)(2) challenge] is nothing more than a thinly veiled attempt to reargue its original motion. This fails to meet the standard for reconsideration based on 'manifest failure by the court to consider . . . *dispositive legal arguments*.'") (citing Civ. L.R. 7-9(b)(2)). *See also* Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument [previously made to the Court].").

///

///

///

///

///

## II.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Motion for Reconsideration.

This order disposes of Docket No. 121.

**IT IS SO ORDERED**.

Dated: November 15, 2019

_____
EDWARD M. CHEN
United States District Judge